# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>ENRIQUE ALCARAZ-GONZALEZ, a/k/a<br>Enrique Alcaraz,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08 CR 3985-JM-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>Doc. No. 11 |

## I. BACKGROUND

On February 10, 1998, Defendant, a Mexican citizen, pled guilty to one count of Taking of a Vehicle Without the Owner's Consent, Cal. Vehicle Code § 10851, and one count of Receiving Stolen Property, Cal. Penal Code § 496(a). (Doc. No. 12 at 2.) Defendant received a sentence of two years on the § 10851 count and a 365-day consecutive sentence on the § 496(a) count. (Doc. No. 12-2 at 4.) Following these convictions, Defendant, who had been a legal permanent resident, was ordered deported by an immigration judge ("IJ") on July 8, 1998. (Doc. No. 11 at 2.) On September 18, 2008, Defendant was arrested and charged with being found in the U.S. after deportation, in violation of 8 U.S.C. § 1326. (Doc. No. 12 at 2.)

Pending before the court is Defendant's motion to dismiss the indictment due to an invalid deportation. (Doc. No. 11, "Mot.") Defendant offers two separate arguments: 1) he was denied the right to counsel by the IJ's failure to inform him of that right and to obtain a valid waiver of that right;

and 2) the § 10851 conviction on which his deportation was based was not an aggravated felony and thus, the IJ failed to properly advise him of his right to appeal or seek discretionary relief or obtain a waiver of those rights. The government opposes the motion. (Doc. No. 12, "Opp'n.")

**II. LEGAL STANDARDS**

Under the Due Process Clause of the Fifth Amendment, "'the validity of the deportation may be collaterally attacked'" in a criminal prosecution for violation of § 1326. U.S. v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001) (quoting U.S. v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000)). Section 1326(d) governs collateral attacks on deportations, requiring a defendant to show "(1) that he has exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." U.S. v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2003).

Removal orders are fundamentally unfair when "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." Id. To establish prejudice, a defendant "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." Muro-Inclan, 249 F.3d at 1184.

**III. ANALYSIS**

**A. Fundamental Unfairness of the Deportation Order**

***1. Right to Appeal or Seek Relief from Removal***

<u>*a. Conviction under Cal. Vehicle Code § 10851 – Aggravated Felony?*</u>

In his primary argument, Defendant alleges he was incorrectly classified as an aggravated felon based on his § 10851 conviction during his deportation proceedings. Defendant suggests a violation of § 10851 is not a categorical aggravated felony, and thus, his rights to discretionary relief from removal or to appeal the deportation order were not foreclosed. According to Defendant, the IJ's failure to advise him of his appeal rights or obtain a valid waiver thereof constituted a due process violation.

Due process requires an IJ to inform a potential deportee in removal proceedings of his

eligibility for any form of relief. Ubaldo-Figueroa, 364 F.3d 1042, 1050 (9th Cir. 2004). As Defendant received no advice from the IJ in this regard, the main issue is whether Defendant's § 10851 conviction rendered him an aggravated felon. The Ninth Circuit has expressly answered this question, employing the two-step categorical approach of Taylor v. U.S., 495 U.S. 575 (1990). U.S. v. Vidal, 504 F.3d 1072 (9th Cir. 2007). The *en banc* Vidal court analyzed § 10851 and determined a § 10851 conviction is not an aggravated felony because it is overly inclusive, applying not only to principals and accomplices but also to accessories after the fact. Id. at 1075.

Furthermore, as in Vidal, this court cannot employ the modified categorical approach to the present facts. The court's review under the modified approach is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. U.S., 544 U.S. 13, 16 (2005). Here, the criminal complaint and plea agreement both simply quote the statute. (Doc. No. 12-2 at 1, 5.) "[A]n indictment that merely recites the language of the statute...is insufficient to establish the offense as generic for purposes of a modified categorical analysis." Id., 504 F.3d at 1088 (citing U.S. v. Lopez-Montanez, 421 F.3d 926, 931 (9th Cir. 2005)). No plea colloquy or other factual findings have been provided. Without more, the court cannot conclude Defendant's conviction under § 10851 was an aggravated felony under the modified categorical approach.

In opposition, the government advances two arguments. First, the government contends Vidal cannot apply retroactively, implicitly arguing Vidal created a new rule of law. Defendant, in reply, looks to U.S. v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006), for the idea that he can attack the characterization of his § 10851 conviction based on a later clarification from case law. In Camacho, the defendant was deported as an aggravated felon based on a 1998 conviction for vehicular manslaughter with gross negligence. Id. at 929. Thereafter, the Ninth Circuit determined that charge did not qualify as a "crime of violence" under 18 U.S.C. § 16, and therefore could not be used as an "aggravated felony" for INS purposes. Id. (citing Lara-Cazares v. Gonzales, 408 F.3d 1217 (9th Cir. 2005)). As indicated by Camacho,[1] Vidal only clarified the existing law and thus, there is no barrier

---

[1] The government does note the retroactivity issue was conceded in Camacho and therefore was never directly analyzed by the court.

1  to its retroactive effect here. See U.S. v. Ponce, 2009 WL 1212731 at *4 (S.D. Cal. 2009) ("there is
2  no bar to retroactively applying [a clarifying decision] because the underlying removal order serves
3  as a predicate element of the Section 1326 charge.").

4        The government next contends that, even after Vidal, one convicted under § 10851 is still an
5  aggravated felon because an accessory after the fact satisfies the definition for an "obstruction of
6  justice" aggravated felony.  8 U.S.C. § 1101(a)(43)(S).  This "overflow" hypothesis stems from the
7  Ninth Circuit's "crime of violence" analysis in U.S. v. Becerril-Lopez, 541 F.3d 881 (9th Cir. 2008).
8  There, the panel found any overbreadth in the California robbery statute was covered by the generic
9  definition of extortion. Id. at 891-92. The government also cites to U.S. v. Carreno-Juarez from this
10 district, in which a defendant convicted as an accessory to murder was determined to be an aggravated
11 felon because a categorical analysis of the state accessory statute, Cal. Pen. Code § 32, included the
12 same elements as an "obstruction of justice" charge under 18 U.S.C. § 3.  (Case No. 08CR2698-BTM,
13 Doc. No. 22 at 5.)

14       With respect to § 10851, Judge Callahan, dissenting in Vidal, reached the same conclusion the
15 government advances here.  Judge Callahan argued § 10851 does not include accessories "after the
16 fact"; in California, such crimes are prosecuted separately under Cal. Penal Code § 32.  Vidal, 504
17 F.3d at 1092-93, 1096. Despite the logical underpinnings of Judge Callahan's analysis, the majority's
18 opinion in Vidal prevents this court from grafting § 32's requirements onto § 10851 to allow a
19 comparison with the obstruction of justice elements of 18 U.S.C. § 3.  Instead, the *en banc* decision
20 found § 10851's "accessory" language includes an "accessory" after the fact within its reach such that
21 reliance on § 32 would be redundant. Id. at 1086.  In sum, the overbreadth of § 10851 is not saved
22 by a Taylor comparison of the California accessory statute with the federal "obstruction of justice"
23 statute.  The court therefore concludes Defendant's prior conviction under § 10851 does not qualify
24 as an aggravated felony for deportation purposes.

25       *b.  Aggravated Felony under Cal. Penal Code §496(a)?*

26       Finally, the government argues that even if Defendant's § 10851 conviction did not qualify
27 him as an aggravated felon, his § 496(a) conviction and resultant 365 day sentence put him in the same
28

position.[2] See 8 U.S.C. § 1101(a)(43)(G) ("a theft offense (including receipt of stolen property)...for which the term of imprisonment [is] at least one year"). In the government's eyes, Defendant was not entitled to discretionary or other appellate relief from deportation and suffered no prejudice from the IJ's failure to advise him of those rights.

Defendant responds that the government cannot rely on alternative bases for deportation which were never raised in the deportation proceeding. Defendant's due process rights do require notice of the grounds for removability. Matovski v. Gonzales, 492 F.3d 722, 738 (6th Cir. 2007). In essence, Defendant received no hearing on this issue at all and the IJ never ruled he was deportable on this basis. Defendant's position was advanced successfully in Chowdhury v. INS, 249 F.3d 970 (9th Cir. 2001). There, the government argued Chowdhury was removable because he had been convicted for several crimes which would qualify as aggravated felonies, but which were not charged in the Notice to Appear. Chowdhury, 249 F.3d at 975. The Ninth Circuit disagreed, concluding Chowdhury "did not have the benefit of a hearing before the IJ or BIA on the [alternative] grounds for removal," and thus, the unnamed grounds could not serve as independent bases for upholding his removal. Id. The court finds this argument persuasive.

In the alternative, Defendant contends § 496(a), like § 10851, is not categorically an aggravated felony.[3] The government cites Alberto-Gonzalez v. INS, 215 F.3d 906, 910 (9th Cir. 2000), in which the Ninth Circuit assumed without deciding that § 496(a) constituted an aggravated felony as long as the imposed sentence was a full year. As Defendant points out, however, § 496(a) covers much more ground than the generic "theft offense." Section 496 provides punishment for anyone:

> who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft *or extortion*, knowing the property to be so stolen or obtained, *or who conceals, sells, withholds, or aids in concealing, selling, or*

---

[2]Although Defendant's conviction under § 496(a) was reduced to a "misdemeanor," this label has no apparent effect on the § 1101 analysis. See U.S. v. Corona-Sanchez, 291 F.3d 1201, 1210 (9th Cir. 2002) (en banc)("a crime may be classified as an 'aggravated felony' under 8 U.S.C. § 1101(a)(43) without regard to whether, under state law, the crime is *labeled* a felony or misdemeanor....") (emphasis in original)).

[3]Defendant notes the modified categorical approach cannot be used because Defendant pled guilty under People v. West, 3 Cal.3d 595 (1970). See Vidal, 504 F.3d at 1089 ("a People v. West plea [is] a plea of *nolo contendere* that does not establish factual guilt.")

> *withholding any property from the owner, knowing the property to be so stolen or obtained....*

(emphasis added). Extortion in California is defined, in relevant part, as "obtaining of property from another, *with his consent*...induced by a wrongful use of force or fear...or under color of law." Cal. Pen. Code § 518 (emphasis added). Defendant argues the generic definition of "theft offense" for INS purposes is "a taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." Corona-Sanchez, 291 F.3d at 1205 (emphasis added). According to Defendant, because § 496(a) implicates mental states and activities which extend beyond the common law definition of "theft offense," the statute is overly broad for Taylor purposes.

Ultimately, whether or not a § 496(a) conviction would have qualified Defendant as an aggravated felon is immaterial to the court's decision. Because Defendant was not an aggravated felon under the noticed § 10851 conviction, and did not receive notice of possible deportation based on the § 496 conviction, the court concludes Defendant's deportation was fundamentally unfair.

### *2. Right to Counsel*

Defendant suggests he was denied the right to counsel because the IJ never informed him of this right nor obtained a valid waiver. (Mot. at 2.) In support, Defendant offers a short excerpt from the hearing, namely a portion in which the IJ asked him whether he understood the rights given to him and others previously. (Mot., Exh. B.) Defendant argues the denial of his right to counsel and invalid waiver of such rights amounted to a due process violation. That violation, coupled with the resultant prejudice to Defendant's ability to fight the deportation charges, rendered his deportation order fundamentally unfair.

The court observes the Notice to Appear does provide a comprehensive list of Defendant's rights. (Mot., Exh. A.) Furthermore, the IJ's comments in the excerpt indicate the IJ made additional statements regarding Defendant's rights which would be relevant to the inquiry. Because the record appears incomplete and Defendant's first argument is dispositive of the motion, the court declines to rule on this issue.

### **B. Exhaustion of Administrative Remedies**

Defendant argues his failure to exhaust his administrative remedies should be excused in light

1  of the IJ's failure to inform him of the rights available to him. Under normal circumstances, "an alien
2  is barred from collaterally attacking the validity of an underlying deportation order 'if he validly
3  waived the right to appeal that order' during the deportation proceedings." U.S. v. Gonzalez, 429 F.3d
4  1252, 1256 (9th Cir. 2005) (quoting Muro-Inclan, 249 F.3d at 1182). A waiver does not meet the
5  "considered and intelligent" standard if "the petitioner is eligible for relief from deportation, but the
6  IJ fails to advise the alien of this possibility and give him the opportunity to develop the issue." Id.
7  (citing Ubaldo-Figueroa, 364 F.3d at 1051).

8  Here, since Defendant was not an aggravated felon, he was entitled to receive information
9  about possible avenues for relief from removal. Particularly in light of Defendant's long-time status
10  as a legal permanent resident, several of these might have proven fruitful for him. See, e.g. 8 U.S.C.
11  § 1229b(a). The government offers no opposition on this point. The court excuses Defendant's failure
12  to exhaust is administrative remedies.

13  **C. Deprivation of Opportunity for Judicial Review**

14  Lastly, Defendant argues "the underlying removal proceedings at which the order was issued
15  improperly deprived him of the opportunity for judicial review...." Ubaldo-Figueroa, 364 F.3d at
16  1048. Certainly, where an IJ fails to inform a defendant of his eligibility for discretionary relief from
17  deportation, that defendant has been deprived of a meaningful opportunity for judicial review.
18  Camacho-Lopez, 450 F.3d at 930; U.S. v. Pallares-Galan, 349 F.3d 1088, 1096 (9th Cir. 2004).

19  **IV.  CONCLUSION**

20  For the reasons set forth above, Defendant's motion to dismiss the indictment for an invalid
21  deportation is **GRANTED**. (Doc. No. 11.)

22  **IT IS SO ORDERED.**

23  DATED: May 21, 2009

24  _____
25  Hon. Jeffrey T. Miller
    United States District Judge